**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHANDLER WILLIAM FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-01992 (UNA) |

# MEMORANDUM OPINION

This action brought *pro se* is before the Court on review of Plaintiff's Complaint and motion for leave to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP motion and dismisses the complaint.

Plaintiff, a resident of Salt Lake City, Utah, sues the State of Utah and "Does 1-50." Invoking 42 U.S.C. § 1983, Plaintiff asserts that "this action arises directly under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." Compl., ECF No. 1 at 1. The complaint is unclear but alleges "pervasive institutional bias and corruption within the sub-national courts of Utah" that "renders a fair trial inside that jurisdiction structurally impossible." *Id.* at 1; *see id* at 2 (asserting "Deprivation of Constitutional Rights and Illegal Arrests . . . within tied municipal and state proceedings"). Plaintiff seeks (1) a declaratory judgment "stating that the defendants' state-level convictions, protective orders, database entries, and administrative blocks are unconstitutional," (2) an injunction "ordering the immediate sanitization, correction, and vacation of [a] Utah Bureau of Criminal Identification Record . . . and all associated municipal documents," and (3) compensatory and punitive damages "for the total disruption of

[his] international educational programs, quantitative trading engine, and corporate infrastructure[.]" *Id*. at 2-3.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). The Eleventh Amendment immunizes States from lawsuits filed against them in federal court absent their consent to be sued or Congress' "unequivocally expressed" intent to abrogate the states' sovereign immunity.[1] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000). Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity"). More, the District of Columbia provides no venue for a Utah resident suing Utah Defendants for actions completely unconnected to this forum. Fed. R. Civ. P. 12(b)(3).

Still more, if Plaintiff seeks review of the proceedings in "the sub-national courts of Utah," federal district courts generally lack jurisdiction to review the decisions of other courts and compel them to act. *Klayman v. Rao*, 49 F.4th 550, 552-53 (D.C. Cir. 2022) (per curiam); *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (applying *Rooker-Feldman* doctrine). Because "Congress has vested federal court review of such decisions in the

---

[1] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).

Supreme Court," *Richardson*, 83 F.3d at 1514, Plaintiff's recourse lies, if at all, in an appeal to the Supreme Court of Utah "and, if unsatisfied," in a petition for writ of certiorari to the U.S. Supreme Court. *Id*. at 1516 (citing 28 U.S.C. § 1257). Therefore, this case will be dismissed by separate order.

TREVOR N. McFADDEN
United States District Judge

Date: October 21, 2026